McGREGOR W. SCOTT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY DAVIS and GLEN MARTINKA,<br><br>Defendants. | CASE NO. 2:17-CR-0021 KJM<br><br>STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |

## I.     <u>STIPULATION</u>

1.    Plaintiff United States of America, by and through its counsel of record, and defendants Jeffrey Davis and Glen Martinka ("defendants"), by and through their respective counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order.

2.    On February 2, 2017, the Grand Jury returned an indictment charging defendants with 1 count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and 5 counts of mail fraud, in violation of 18 U.S.C. § 1341, relating to the submission of false invoices to Davis' employer. Dkt. No. 1. Both defendants are currently on pretrial release pending trial.

3.    A Protective Order was previously issued by Magistrate Judge Kendall J. Newman, on February 8, 2018, based on a stipulation and proposed order between counsel for Defendant Jeffrey Davis and the government. Dkt. No. 36. Counsel for Glen Martinka did not agree to the stipulated

STIPULATION AND PROTECTIVE ORDER      1

order at that time. This Protective Order supersedes the original Protective Order, applies to all parties, and restricts the use and dissemination of discovery produced by the government, which contains personal identifying information of real persons and other business and financial information of victims, witnesses, third parties, and co-defendants.

4. The United States has produced approximately 817 pages of discovery to both defense counsel, and on January 5, 2018, made additional discovery (consisting largely of bank and mortgage records) available for review. Counsel for Defendant Davis has reviewed the additional discovery, and pursuant to Defense Counsel's request and the stipulated protective order, *see* Dkt. No. 36, the government provided copies of certain materials requested by Defense Counsel.

5. Some of the materials that the government has produced or made available for inspection in relation to this case may exceed the scope of the United States' discovery obligations, but have been produced or made available for review to promote a prompt and just resolution or trial in this case.

6. The discovery produced or to be produced by the United States in this case, as well as the discovery that the United States has made available for inspection, includes material that contains personal identifying information ("PII") of real persons, including among other things, personal names, addresses, Social Security numbers, and bank account numbers. The discovery also includes banking, financial, and business information of victims, third parties, and the co-defendants, including among other things, bank statements and records, mortgage records, the identities of the victim company's clients, vendors, and business partners, as well as the victim company's brokerage agreements and brokerage information, and other contractual agreements between business entities.

7. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the PII and business or financial information not belonging to the defendant(s). If this information is disclosed without protective measures, or to defendants without limitation, it will risk the privacy and security of the people to whom the information relates, and the business interests of victim and third party business entities. The United States has ongoing statutory and ethical obligations to protect victims, as well as an obligation to protect PII and other financial and business information of individuals and entities that are not a party to this case.

8. Due to the nature of the charges, the PII and financial and business information, in at

least some instances, has evidentiary value. If the government were to attempt to redact all this information, it would be difficult and time-consuming, and it would result in a set of discovery that is difficult to understand or use.

9. Accordingly, the parties jointly request a Protective Order that protects the discovery that has been or will be produced and/or made available for inspection and copying, but preserves the privacy and security of victims, witness, and third parties, as well as the co-defendants. The parties agree that the following conditions, if ordered by the Court in a Protective Order, will serve the government's interest in maintaining the privacy and security of victims and third parties, while permitting the Defense Team to understand the United States' evidence against the defendants.

10. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II. PROPOSED PROTECTIVE ORDER

### A. Discovery and Protected Materials

11. This Order pertains to all "Discovery," which for the purposes of this Order is defined as all materials produced by the United States to the Defense Team. Discovery produced by the United States is designated with the Bates label prefix "GOV_" followed by a numeric page number.

12. For the purposes of this Order, "Protected Material" is a subset of the Discovery that includes all material that consists of or contains any of the following:

   i. Any mortgage or bank statements and records with a Bates label of Gov_818 or higher;

   ii. Documents Bates labeled GOV 903-1279 and GOV 12917-12918 plus corresponding native documents; and

   iii. Any other discovery, not including the items listed in Paragraphs 12(i) and 12(ii), that contains or includes Personal Identifying Information ("PII") as defined below in Paragraph 13, including, addresses, telephone numbers, credit card and bank account numbers, dates of birth, and social security number unless all PII is fully redacted.

13. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C.

§ 1029(e)(1).

14. To the extent that notes are made that memorialize, in whole or in part, any Discovery, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions are subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B.** **Defense Team**

15. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

16. For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

17. Defense Counsel must provide a copy of this Order to all members of the Defense Team. Defense Counsel must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Discovery to the members of the Defense Team. The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

18. Members of the defense team who are employees of the Federal Defender's Office who have signed a confidentiality agreement as part of their employment are not required to sign a written acknowledgement. The confidentiality agreement need not be disclosed or produced to the United States unless ordered by the Court.

**C.** **Disclosure of Discovery and Protected Materials**

19. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials identified in Paragraphs 12(i) and 12(ii), including the Defendant(s) themselves except as permitted by Paragraphs 21 and 23.

20. If Defense Counsel provides a redacted copy of Discovery otherwise containing PII as described in Paragraph 12(iii) to defendant(s), Defense Counsel or a member of the Defense Team must contemporaneously memorialize in writing that it has fully redacted PII from the Protected Materials and complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

21. To the extent that any of the Protected Material identified in Paragraphs 12(i)-(iii) was obtained from, or belongs to, a specific defendant (i.e., a defendant's own PII, or a defendant's bank, mortgage, or financial records), or are business records belonging to a company that the defendant owned, Counsel may provide an unredacted copy of that Protected Material to the defendant to whom the Protected Material belongs, notwithstanding any other provisions in this Order.

22. No person or party shall use or disclose any Discovery or information derived from the Discovery for any purpose other than use in the above-captioned case. All Discovery shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action, and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendants, or any third party. Discovery, including Protected Materials, may be disclosed only to the categories of persons and under the conditions described in this Order.

23. Defendants may review Protected Materials that they may not otherwise possess under the terms of this Order only in the presence of a member of the Defense Team. Each Defense Counsel shall ensure that his or her respective defendant is never left alone with the Protected Information. Defendants may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time. Defendants must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendants review the Protected Materials. Defendants may not take any Protected Materials out of the room in which they are meeting with the Defense Team. Defendants may not write down or memorialize any PII or information contained in the Protected Materials. At the conclusion of any meeting with defendants, the member of the Defense Team present shall take with him or her all Protected Materials. At no time, under any circumstances except as provided for in this Order, will any Protected Materials be left in the possession, custody, or control of the defendant.

24. The Defense Team may review the Discovery, including Protected Materials, with a witness or potential witness in this case, other than the defendant, so long as the witness or potential witness is not left alone with the Discovery. Before being shown any portion of the Discovery, however, any witness or potential witness must be informed of the existence of the Protective Order and given a copy of the Protective Order. No witness or potential witness, other than the Defendant in accordance with the terms of this Order, may retain the Discovery, any copy thereof, or any information contained therein, after his or her review of those materials with the Defense Team is complete.

25. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, Probation and defense.

26. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Discovery by third parties if Defense Counsel is considering disseminating any of the Discovery to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

**D.  Ensuring Security of Protected Materials**

27. The Defense Team shall maintain the Discovery safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Discovery by storing the Discovery in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

28. A copy of the Protective Order must be stored with the Discovery, in paper form and electronically.

29. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

30. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or

physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### E. Filings

31. Nothing in this Stipulation and Order precludes or prevents any party from using any discovery in furtherance of this case, including seeking to admit any of the documents as evidence at trial or in other hearings, or filing with the Court any documents in relation to any motion or other matter submitted to the Court.

32. In the event that Defense Counsel or the Defense Team intend to file on the public docket any of the materials contained in the Discovery, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the government to afford the government an opportunity to object or otherwise respond to such intention. If the government does not object to the proposed filing, the party seeking to file such information shall redact all PII and make all reasonable attempts to limit the divulging of financial and business information (such as clients names, and brokerage and commission amounts) by redacting information that is not relevant to the filing and using pseudonyms such as "Victim 1" or "Company 1."

### F. Conclusion of Prosecution

33. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

34. Upon the latter of either the conclusion of the case, including after any appeal or collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, is decided, or at the expiration of defense counsel's document retention requirement, the counsel for defendants will either return to the United States all discovery, or certify that it has been shredded or otherwise destroyed.

### G. Termination or Substitution of Counsel

35. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Discovery may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become

Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 32 above.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. <u>Modification of Order</u>

36. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I. <u>Violation of Order</u>

37. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not expand or narrow the Court's contempt powers.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

**J. Application of Laws**

38. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Discovery, including the Protected Materials.

39. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: June 20, 2018                    McGREGOR W. SCOTT
                                        United States Attorney

                                        /s/ SHELLEY D. WEGER
                                        SHELLEY D. WEGER
                                        Assistant United States Attorney

Dated: June 20, 2018                    /s/ DAVID FISCHER
                                        DAVID FISCHER
                                        Counsel for Defendant
                                        Jeffrey Davis

Dated: June 20, 2018                    /s/ HANNAH LABAREE
                                        HANNAH LABAREE
                                        Counsel for Defendant
                                        Glen Martinka

**FINDINGS AND ORDER**

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED.

Dated: June 21, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE